# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JACOB TYLER SCHWENK,** ) | |
| *Plaintiff.* ) | |
| v. ) | |
| ) | |
| **PRIMAL INNOVATION, LLC,** ) | Case No: |
| *Serve registered agent* ) | |
| William McEllen ) | |
| 101 Gordon Street ) | |
| Sanford, FL 32771, ) | |
| and ) | **JURY TRIAL DEMANDED** |
| ) | |
| **ENTIA, LLC,** ) | |
| *Serve registered agent* ) | |
| William McEllen ) | |
| 101 Gordon Street ) | |
| Sanford, FL 32771, ) | |
| *Defendants.* ) | |

## COMPLAINT

COMES NOW Plaintiff Jacob Tyler Schwenk, through counsel, and in support of his claims against Defendants, states and alleges as follows.

## STATEMENT OF THE CASE

1.     Plaintiff brings this action for unpaid wages and expenses reimbursement in relation to Plaintiff's employment with Defendants, and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Missouri Minimum wage Law, the Florida Minimum Wage Act, and the Florida Constitution, for failing to pay Plaintiff's wages at his regular rate of pay. Plaintiff seeks all unpaid compensation and expenses reimbursement, statutory penalties, liquidated damages, punitive damages, lost wages, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and any other

remedy this Court determines to be fair, proper, and equitable, and all other relief available to Plaintiff arising from Defendants' failure to compensate Plaintiff as required. Defendants willfully failed or refused to pay Plaintiff all appropriate compensation and expense reimbursement, in direct violation of the law. The allegations by Plaintiff are based on personal knowledge as to Plaintiff's own conduct, and are made on information and belief as to the acts of others.

## PARTIES

2.      Plaintiff Jacob Tyler Schwenk is an adult resident and citizen of Missouri.

3.      Defendant Primal Innovation, LLC is a foreign Limited Liability Company duly organized and existing under the law of the state in which it is incorporated and may be properly sued in this court and district as it conducted business in district. Upon information and belief, all members of Primal Innovation, LLC, are citizens of the state of Florida and, thus, none of Primal Innovation, LLC's members are citizens of the state of Missouri.

4.      Defendant Entia, LLC is a foreign Limited Liability Company duly organized and existing under the law of the state in which it is incorporated and may be properly sued in this court and district as it conducted business in district. Upon information and belief, all members of Entia, LLC, are citizens of the state of Florida and, thus, none of Entia, LLC's members are citizens of the state of Missouri.

5.      Upon information and belief, Defendant Primal Innovation, LLC, is a subsidiary and/or affiliate of Defendant Entia, LLC, and as such, Primal Innovation is under the control of Defendant Entia, LLC, and/or acts as its alter ego.

6.      At all relevant times, Defendant Primal Innovation, LLC, conducted business in the state of Missouri by employing Plaintiff from his home in Kansas City, Missouri.

2

7.     At all relevant times, Defendant Entia, LLC, conducted business in the state of Missouri by employing Plaintiff from his home in Kansas City, Missouri, and providing income and benefits to Plaintiff at his home in Kansas City, Missouri.

8.     At all relevant times, Defendant Primal Innovation, LLC, acted as agent for Defendant Entia, LLC.

9.     At all relevant times, Defendant Entia, LLC, acted as agent for Defendant Primal Innovation, LLC.

10.     Upon information and belief, Entia, LLC has in the past operated under the moniker, nickname, or alias known as "Entia Ventures," which at all relevant times was a fictitious entity owned and operated by Entia, LLC.

11.     Defendants Primal Innovation, LLC, and Entia, LLC, are jointly responsible for paying Plaintiff his full compensation at lawful rates.

12.     Defendants are entities which act through agents.  Each Defendant is liable for the conduct of its own agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their positions with Defendants.

13.     At all relevant times, each of Defendants' owners and employees were agents, servants, and employees of Defendants and, at all relevant times, were acting within the course and scope of their employment.

3

14.     At all relevant times, all individuals mentioned herein were employed by Defendants and were acting within the scope of their employment and/or on behalf of Defendants, and/or their conduct was approved, encouraged, and/or ratified by Defendants, thereby making Defendants responsible for the above mentioned conduct under a theory of respondeat superior.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the parties and the case pursuant to 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000.

16.     This Court also has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, as this cause of action arises under statutes of the United States.

17.     This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, occurrences, and omissions that give rise to this cause of action occurred in this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1) and (c)(1) because Defendants employed Plaintiff in this district and, thus, operates and conducts its regular business in this district, and therefore is subject to personal jurisdiction within this judicial district.

4

## FACTUAL ALLEGATIONS

19.     Plaintiff became employed by and began working for Defendant Primal Innovation on or about February 21, 2016.

20.     At all relevant times, Plaintiff performed job duties for Defendants in the state of Missouri.

21.     At all relevant times, Plaintiff was employed as a Senior Research Geophysicist for Defendant Primal Innovation.

22.     Plaintiff's employment with Defendant Primal Innovation was terminated on or about July 1, 2019.

23.     Plaintiff was employed full time with Defendant Primal Innovation for more than three years, until his termination on July 1, 2019.

24.     Plaintiff performed his work for Defendant Primal Innovation from his home at 2717 East 114th Street, Apt. 1208, in Kansas City, Missouri.

25.     At all relevant times, Plaintiff was an employee of Defendants Primal Innovation and Entia, which together form an integrated enterprise, as demonstrated below:

    a.  Primal Innovation, LLC and Entia, LLC share a business address;

    b.  Primal Innovation, LLC and Entia, LLC have common management, because both entities employ the same business executives/officers;

    c.  There exists common ownership between Primal Innovation, LLC and Entia, LLC;

    d.  Primal Innovation, LLC is a subsidiary and/or affiliate of Entia, LLC;

    e.  Entia, LLC is the owner and/or an affiliate of Primal Innovation, LLC;

5

f.   Entia, LLC manages all employee benefits for Primal Innovation employees; and

g.   Between Primal Innovation, LLC and Entia, LLC, there exists a centralized control of labor relations.

26.   At the time of Plaintiff's termination from Defendants' employ, Plaintiff was owed at least $63,076.96 in unpaid wages and expenses.

27.   Defendants were fully aware of and, on more than one occasion, have acknowledged that Plaintiff was owed at least $63,076.96 in unpaid wages and at least $1,130.80 in reimbursable expenses.

28.   The unpaid wages and expenses owed to Plaintiff were for the period worked during mid-October 2018 through July, 2019.

29.   On or about July 1, 2019, Plaintiff was notified by Defendant Primal Innovation that Plaintiff had "an estimated $59,134.65 in gross back wages (not including this current pay period). The company will provide a payment plan for all back wages in a separate document next week."

30.   On or about July 12, 2019, Defendant Entia notified Plaintiff that Defendants acknowledged that Plaintiff was owed monies for his employment from mid-October 2018 through the time of his termination in July 2019, and that Defendants would make payments toward such balance due, i.e., Defendants promised the "Tyler Payment Plan" as follows:

| | Payment Date | Gross Missed Payroll | Expenses |
|---|---|---|---|
| a. | September 20, 2019 | $ 3,942.31 | |
| b. | October 18, 2019 | $ 3,942.31 | |
| c. | November 15, 2019 | $ 3,942.31 | |
| d. | December 13, 2019 | $ 3,942.31 | |
| e. | December 27, 2019 | $ 3,942.31 | |

6

| | Payment Date | Gross Missed Payroll |
|---|---|---|
| f. | January 10, 2020 | $ 3,942.31 |
| g. | January 24, 2020 | $ 3,942.31 |
| h. | February 7, 2020 | $ 3,942.31 |
| i. | February 21, 2020 | $ 3,942.31 |
| j. | March 6, 2020 | $ 3,942.31 |
| k. | March 20, 2020 | $ 3,942.31 |
| l. | April 3, 2020 | $ 3,942.31 |
| m. | April 17, 2020 | $ 3,942.31 |
| n. | May 1, 2020 | $ 3,942.31 |
| o. | May 15, 2020 | $ 3,942.31 |
| p. | May 29, 2020 | $ 3,942.31 |
| | | $63,076.96 |

31.     No such payments as listed in the preceding paragraph were ever received by Plaintiff.

32.     On or about August 23, 2019, Defendants further notified Plaintiff that Defendants would make payments toward such balance due, i.e., Defendants promised another "approved" "Payment Plan" as follows:

| | Payment Date | Gross Missed Payroll | Expenses |
|---|---|---|---|
| a. | September 20, 2019 | $ 3,942.31 | |
| b. | October 18, 2019 | $ 3,942.31 | |
| c. | November 15, 2019 | $ 3,942.31 | |
| d. | December 13, 2019 | $ 3,942.31 | $1,130.80 |
| e. | December 27, 2019 | $ 3,942.31 | |
| f. | January 10, 2020 | $ 3,942.31 | |
| g. | January 24, 2020 | $ 3,942.31 | |
| h. | February 7, 2020 | $ 3,942.31 | |
| i. | February 21, 2020 | $ 3,942.31 | |
| j. | March 6, 2020 | $ 3,942.31 | |
| k. | March 20, 2020 | $ 3,942.31 | |
| l. | April 3, 2020 | $ 3,942.31 | |
| m. | April 17, 2020 | $ 3,942.31 | |
| n. | May 1, 2020 | $ 3,942.31 | |
| o. | May 15, 2020 | $ 3,942.31 | |
| p. | May 29, 2020 | $ 3,942.31 | |
| | | $64,076.96 | $1,130.80 |

7

33.     No such payments as listed in the preceding paragraph were ever received by Plaintiff.

34.     During his employment with Defendant Primal Innovation, Plaintiff's pay checks usually were issued by Defendant Primal Innovation.

35.     On or about September 26, 2019, Defendant Entia mailed a check to Plaintiff, in the amount of $750.00 and referencing a "deposit toward payment plan." Said check has not been negotiated by Plaintiff.

36.     No additional payments have been made to Plaintiff by Defendants.

## COUNT I
### Breach of Contract

37.     Plaintiff incorporates by reference all preceding paragraphs and allegations as though fully set forth herein.

38.     Plaintiff and Defendants entered into a binding and enforceable contract in the form of establishing an employer-employee relationship, i.e., when Plaintiff accepted Defendants' offer for employment in 2016.

39.     Pursuant to the terms of the parties' agreement, Plaintiff was to provide work for Defendants in exchange for wages and expenses reimbursement by Defendants.

40.     Defendants have not abided by the terms of the parties' contract in that they have failed pay Plaintiff for work performed, in an amount totaling at least $63,076.96, and expense reimbursement in the amount of $1,130.80.

41.     Defendants are thereby in breach of the terms of the parties' contract.

42.     Plaintiff has been damaged as a result of Defendants refusal to comply with the terms of the parties' contract, in that Plaintiff has not been paid the amounts due and owing.

8

43.     Plaintiff is entitled to unpaid wages totaling at least $63,076.96, exclusive of costs and interest, under the terms of the parties' Agreement.

44.     Plaintiff is entitled to unpaid expenses reimbursement in the amount of $1,130.80, exclusive of costs and interest, under the terms of the parties' Agreement.

45.     The parties entered into a binding contract of employment when Plaintiff accepted the February 21, 2016, offer of employment by Defendant Primal Innovation, whereby Plaintiff would serve as Senior Research Geophysicist for Defendant Primal Innovation in exchange for compensation and benefits, including expenses reimbursement.

46.     The parties' contract required Defendants to compensate Plaintiff in exchange for work performed and expenses incurred.

47.     Defendants failed or refused to pay wages to Plaintiff beginning in October 2018 and until he was terminated in July, 2019.

48.     Defendants breached their employment agreement with Plaintiff by failing and refusing to properly pay Plaintiff's wages and expenses reimbursement.

49.     Defendants have failed or refused to perform their obligations and are in breach of contract because they refused or otherwise failed to properly compensate Plaintiff as agreed among the parties.

50.     Defendant Entia has failed to perform its obligations and is in breach of contract because it refused or otherwise failed to properly compensate Plaintiff for his work, as required by the parties' contract, and/or because it failed to ensure that Primal Innovation, its subsidiary, properly compensate Plaintiff for his work.

9

51.     Defendants have failed to perform their obligations and are in breach of contract because they refused or otherwise failed to properly reimburse Plaintiff for properly incurred expenses, as required by the parties' contract.

52.     Defendant Entia has failed to perform its obligations and is in breach of contract because it refused or otherwise failed to properly reimburse Plaintiff for properly incurred expenses, as required by the parties' contract, and/or it has failed to ensure that Primal Innovation properly compensate Plaintiff for properly incurred expenses.

53.     Plaintiff has suffered damages as the result of Defendants' breach of contract in an amount totaling at least $64,207.76, exclusive of penalties, interest, and costs.

54.     By failing or refusing to abide by the terms of the parties' contract, resulting in financial injury to Plaintiff, Defendants failed to act in good faith.

55.     Defendants' actions and/or omissions, or failures to act, violated the spirit of the parties' contracted terms because Defendants' failure or refusal to pay Plaintiff for work performed caused damage to Plaintiff.  Accordingly, Defendants breached their implied duty of good faith and fair dealing under law.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendants on Count I, for all unpaid wages and unpaid expense reimbursement, and any other compensatory or liquidated or punitive damages, for costs incurred, for pre-judgment interest, post-judgment interest, attorneys' fees, costs incurred, and for such other relief as this Court deems just and proper.

## COUNT II
### Breach of Contract/Specific Performance

56.     All preceding and subsequent paragraphs are incorporated as though fully set forth herein.

57.     The parties' contract required Defendants to compensate Plaintiff for work performed.

58.     Defendants have failed to perform their obligations and are in breach of contract because they refused or otherwise failed to properly compensate Plaintiff for unpaid wages totaling at least $63,076.96, or to reimburse Plaintiff $1,130.80 for properly incurred expenses.

59.     Defendants failed to perform their obligations as explained and, thus, are in breach of contract.

60.     Defendant Entia has further failed to ensure that its subsidiary, Primal Innovation, has performed its obligations to Plaintiff and, thus, is in breach of contract.

61.     Plaintiff has suffered damages as the result of Defendants' breach of contract in an amount totaling at least $64,207.76, exclusive of penalties, interest, and costs.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendants on Count II, for all unpaid wages and unpaid expense reimbursement, and any other compensatory or liquidated or punitive damages, for costs incurred, for pre-judgment interest, post-judgment interest, attorneys' fees, costs incurred, and for such other relief as this Court deems just and proper.

11

## COUNT III
### Failure to Compensate Plaintiff for Wages, in Violation of
### Missouri Minimum Wage Law, RSMo. § 290.500, *et seq.*

62.     Plaintiff incorporates by reference all preceding paragraphs and allegations as though fully set forth herein.

63.     Plaintiff was entitled to the rights, protections and benefits provided under the Missouri Minimum Wage Law, RSMo. § 290.500, *et seq.* all times during his employment with the Defendants.

64.     Pursuant to RSMo. § 290.527, any employer who pays any employee less wages that the wages to which the employee is entitled under or by virtue of Sections 290.500 to 290.530 shall be liable to the employee affected for the full amount of the wage rate and an additional amount equal to twice the unpaid wages as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorneys' fees as may be allowed by the Court or jury.

65.     Defendants are subject to the requirements of RSMo. § 290.527 because they are "employers" under RSMo. § 290.500(4) and Plaintiff was an employee under RSMo. § 290.500(3).

66.     From the beginning of his employment in 2016, Plaintiff was employed by Defendants and worked full time up until his termination in July 2019.

67.     Defendants promised to pay Plaintiff a regular salary of at least $102,500 annually, payable bi-weekly during the course of his employment.

68.     At all relevant times, Plaintiff worked full time for Defendants, including from October 2018 to July 2019.

69.     From October 2018 until Plaintiff's termination in July 2019, Defendants paid Plaintiff $0.00 in actual wages.

70.     Plaintiff is owed at least $63,076.96 for the work he performed and hours he spent working for Defendants.

71.     Defendants violated RSMo. § 290.527 as follows:

   a.  by failing to pay Plaintiff his wages due;

   b.  by failing to reimburse Plaintiff for expenses incurred as part of his employment and on behalf of his employer;

   c.  by ignoring, disregarding, and refusing to pay his wages and expense reimbursement due, despite Plaintiff's written requests and demands for payment.

72.     Plaintiff is entitled to an award for full payment of all wages in an amount of at least $63,076.96, and expense reimbursement due him by Defendants in an amount of at least $1,130.80.

73.     Pursuant to RSMo. § 290.527, Plaintiff also is entitled to an award of liquidated damages for the full amount of unpaid wages and expenses as described above, i.e., in an additional amount equal to twice the amount of unpaid wages and expenses.

74.     Pursuant to RSMo. § 290.527, Plaintiff also is entitled to reasonable attorney's fees as may be allowed by the Court or jury.

75.     Plaintiff made written demand for unpaid wages and expense reimbursement on more than one occasion, including on August 8, 2019, September 10, 2019, and September 17, 2019.

76. As a result of Defendants' violations of the provisions under RSMo. § 290.527, Plaintiff has been damaged in an amount of unpaid wages and expense reimbursement totaling at least $64,207.76, for which Defendants are liable pursuant to RSMo. § 290.527, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff prays for judgment in his favor on Count III, for a finding that the Defendants' failure to pay compensation to Plaintiff upon discharge violates RSMo. § 290.500, *et seq.*, for an award of compensatory and liquidated damages, for reasonable attorneys' fees and costs expended, for pre-judgment and post-judgment interest as provided by law, and for such other and further relief as the Court deems just and proper, including equitable relief to the fullest extent allowed by law.

## COUNT IV
### Failure to Compensate Plaintiff upon Discharge, in Violation of Missouri Minimum Wage Law, RSMo. § 290.500, *et seq.*

77. Plaintiff incorporates by reference all preceding paragraphs and allegations as though fully set forth herein.

78. Plaintiff was entitled to the rights, protections and benefits provided under the Missouri Minimum Wage Law, RSMo. § 290.500, *et seq.* all times during his employment with the Defendants.

79. Pursuant to RSMo. § 290.110, whenever an employee is discharged from employment, with or without cause, his employer is required to compensate the discharged employee all unpaid wages. In particular, § 290.110 requires that "the unpaid wages of the servant or employee then earned at the contract rate, without abatement or deduction, shall be

14

and become due and payable on the day of the discharge or refusal to longer employ and the servant or employee may requires in writing of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station or office where a regular agent is kept; and if the money or a valid check therefor, does not reach the station or office within seven days from the date it is so requested, then as a penalty for such nonpayment of the wages of the servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid; provided, such wages shall not continue more than sixty days."

80.     Defendants are subject to the requirements of RSMo. § 290.110 because they are "employers" under RSMo. § 290.500(4) and Plaintiff was an employee under RSMo. § 290.500(3).

81.     From the beginning of his employment with Defendant Primal Innovation, Plaintiff worked full time up until his termination in July 2019.

82.     Defendants violated RSMo. § 290.110 as follows:

    a.  by failing to pay Plaintiff his wages due;

    b.  by failing to reimburse Plaintiff for expenses incurred as part of his employment and on behalf of his employer;

    c.  by ignoring, disregarding, and refusing to pay his wages and expense reimbursement due, despite Plaintiff's written requests and demands for payment.

83.     Plaintiff is entitled to an award for full payment of all wages and expense reimbursement due him by Defendants.

15

84.     Pursuant to RSMo. § 290.527, Plaintiff also is entitled to an award of liquidated damages for the full amount of unpaid wages as described above, i.e., in an additional amount equal to twice the amount of unpaid wages.

85.     Pursuant to RSMo. § 290.527, Plaintiff also is entitled to reasonable attorney's fees as may be allowed by the Court or jury.

86.     Plaintiff made written demand for unpaid wages and expense reimbursement on more than one occasion, including on August 8, 2019, September 10, 2019, and September 17, 2019.

87.     As a result of Defendants' violations of the provisions under RSMo. § 290.110, Plaintiff has been damaged in an amount of unpaid wages and expense reimbursement totaling at least $64,207.76, for which Defendants are liable pursuant to RSMo. §§ 290.110 and 290.527, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff prays for judgment in his favor on Count IV, for a finding that the Defendants' failure to pay compensation to Plaintiff upon discharge violates RSMo. § 290.500, *et seq.*, for an award of compensatory and liquidated damages, for reasonable attorneys' fees and costs expended, for pre-judgment and post-judgment interest as provided by law, and for such other and further relief as the Court deems just and proper, including equitable relief to the fullest extent allowed by law.

16

## COUNT V
### Violations of Fair Labor Standards Act
### 29 U.S.C. § 201, *et seq.* ("FLSA")

88. Plaintiff incorporates by reference all preceding paragraphs and allegations as though fully set forth herein.

89. Defendants' foregoing conduct and violations of the FLSA, as alleged, were willful and with knowledge.

90. Defendants willfully engaged in a pattern of violating the FLSA by knowingly failing to pay compensation to Plaintiff. Defendants' conduct constitutes a willful violation of the FLSA.

91. Defendants knew or showed reckless disregard for the fact that its compensation practices and failure to compensate Plaintiff were in violation of the law.

92. Further, Defendants are an enterprise engaged in interstate commerce, and Plaintiff likewise was engaged in commerce during his employment with Defendants, pursuant to 29 U.S.C. § 206, including without limitation by regular use of the instrumentalities of interstate commerce in their work, including regular and recurrent use of telephone and mails.

93. Based on Defendants' conduct, Plaintiff has been damaged. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of income and other damages. Under § 216(b) of the FLSA, Plaintiff is entitled to liquidated damages, attorney's fees and costs incurred in connection with enforcing this claim.

17

WHEREFORE, Plaintiff prays for judgment in his favor on Count V as follows:

a. Judgment against Defendants finding they failed to properly compensate Plaintiff for all wages due him for all worker performed for Defendants and hours worked for Defendants, at the correct and agreed rate of pay required under the FLSA;

b. Judgment against Defendants for Plaintiff for damages for unpaid wages;

c. An amount equal to Plaintiff's damages as liquidated damages;

d. A finding that Defendants' violations of the FLSA were willful;

e. All costs and attorneys' fees incurred prosecuting this claim;

f. An award of prejudgment interest (to the extent liquidated damages are not awarded);

g. All further relief as the Court deems just and equitable.

## COUNT VI
### Failure to Compensate Plaintiff for Wages, in Violation of
### Florida Minimum Wage Act ("FMWA"), § 448.110, *et seq.*

94. Plaintiff incorporates by reference all preceding paragraphs and allegations as though fully set forth herein.

95. At all relevant times, Plaintiff worked full time for Defendants, including from October 2018 to July 2019.

96. Defendants promised to pay Plaintiff regular wages of at least $102,500 annually, payable bi-weekly during the course of his employment.

97. From October 2018 until Plaintiff's termination in July 2019, Defendants paid Plaintiff $0.00 in actual wages.

98. Plaintiff is owed at least $63,076.96 for the work he performed and hours he spent working for Defendants.

18

99.     Plaintiff made written demand for unpaid wages and expense reimbursement on more than one occasion, including on August 8, 2019, September 10, 2019, and September 17, 2019.

100.     Plaintiff was entitled to the rights, protections and benefits provided under the Florida Minimum Wage Act, F.S. § 448.110, at all times during his employment with the Defendants.

101.     Pursuant to § 448.110, "... employers shall pay employees a minimum wage at an hourly rate [that is annually established by statute] for all hours worked in Florida." F.S. § 448.110.

102.     Defendants' failure to pay Plaintiffs' wages constitutes a violation of the FMWA.

103.     Defendants' violations of the FMWA were willful and with knowledge.

104.     Based on Defendants' conduct, Plaintiff has been damaged.

105.     Plaintiff is entitled to an award for full payment of all wages in an amount of at least $63,076.96, and expense reimbursement due him by Defendants in an amount of at least $1,130.80.

106.     Plaintiff also is entitled to an award of liquidated damages for the full amount of unpaid wages and expenses as described above, i.e., in an additional amount equal to twice the amount of unpaid wages and expenses.

107.     Plaintiff also is entitled to reasonable attorney's fees as may be allowed by the Court or jury.

19

108.    As a result of Defendants' violations of the FMWA, Plaintiff has been damaged in an amount of unpaid wages and expense reimbursement totaling at least $64,207.76, for which Defendants are liable, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants on Count VI, for a finding that the Defendants' failure to pay compensation to Plaintiff upon discharge violates the FMWA, for an award of compensatory and liquidated damages, for reasonable attorneys' fees and costs expended, for pre-judgment and post-judgment interest as provided by law, and for such other and further relief as the Court deems just and proper, including equitable relief to the fullest extent allowed by law.

## COUNT VII
### Violations of Article X, Section 24, of the Florida Constitution

109.    Plaintiff incorporates by reference all preceding paragraphs and allegations as though fully set forth herein.

110.    Pursuant to Article X, Section 24 of the Florida Constitution, "Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida."

111.    "Pursuant to Article X, Section 24(e), "Persons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an Employer or person violating this amendment and, upon prevailing, shall recover the full amount of any back wages unlawfully withheld plus the same amount as liquidated damages, and shall be awarded reasonable attorney's fees and costs. In addition, they shall be entitled to such legal or equitable relief as may be appropriate to remedy the violation including, without limitation, reinstatement in employment and/or injunctive relief.  Any Employer or other person found

liable for willfully violating this amendment shall also be subject to a fine payable to the state in the amount of $1000.00 for each violation. The state attorney general or other official designated by the state legislature may also bring a civil action to enforce this amendment."

112.    Defendants' failure to pay Plaintiffs' wages constitutes a violation of the Article X, Section 24 of the Florida Constitution.

113.    Defendants' violations of the Florida Constitution were willful and with knowledge.

114.    Based on Defendants' conduct, Plaintiff has been damaged in an amount exceeding $63,076.96, consisting of unpaid wages.

WHEREFORE, Plaintiff prays for judgment in his favor on Count VII, for a finding that the Defendants' failure to pay compensation to Plaintiff violated Article X, Section 24 of the Florida Constitution, for an award of all unpaid wages and reimbursable expenses as compensatory damages, for liquidated damages, for reasonable attorneys' fees and costs expended, for pre-judgment and post-judgment interest as provided by law, and for such other and further relief as the Court deems just and proper, including equitable relief to the fullest extent allowed by law.

## COUNT VIII
## Unjust Enrichment/Quantum Meruit

115.    All preceding and subsequent paragraphs are incorporated as though fully set forth herein.

116.    Because, at all relevant times, Plaintiff performed under the parties' agreement, a benefit was conferred upon the Defendants.

117.    As a result of the services performed by Plaintiff on behalf of Defendants, Defendants had an appreciation or knowledge of the benefit conferred upon it.

118.    The acceptance or retention by Defendants of the benefit was under such circumstances as to make it inequitable for the Defendants to retain the benefit without payment of its value to Plaintiff.

119.    By failing or refusing to abide by the terms of the parties' agreement, Plaintiff has suffered resulting in financial injury to Plaintiff, and Defendants have retained at least $64,207.76 that is owed to Plaintiff by Defendants.

120.    Defendants have been and continue to be enriched by withholding the contracted wages and expense reimbursements due to Plaintiff.

121.    Defendants have been and continue to be enriched at the expense of Plaintiff because Plaintiff has not been properly compensated for his work pursuant to the parties' agreement.

122.    Defendants have refused to pay Plaintiff at the contracted and required amounts. Defendants knew, or at all relevant times should have known, the proper rate of pay for Plaintiff as all persons are presumed to know and are bound to take notice of general public laws of the country or sate where they reside, as well as the legal effect of their acts.  Such wrongful conduct demonstrates bad faith on the part of Defendants.

123.    It is and would be unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff, and the unpaid expense reimbursement due Plaintiff.

WHEREFORE, Plaintiff prays for judgment in his favor on Count VIII for all unpaid wages and expenses, and any other compensatory damages, for costs incurred, for prejudgment interest, and for such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all questions of fact raised in this Complaint.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Missouri, as the place of trial.

By: /s/ *Sophie Woodworth*
Sophie Woodworth, MO #49383
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone: 816.283.8738
Fax: 816.283.8739
swoodworth@hslawllc.com
**ATTORNEY FOR PLAINTIFF**