# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| JACOB TYLER SCHWENK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-00460-DGK |
| | ) | |
| PRIMAL INNOVATION, LLC, and | ) | |
| ENTIA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF JUDGMENT

This lawsuit stems from Defendant Primal Innovation, LLC's failure to pay Plaintiff Jacob Schwenk all he was owed during his employment as a Senior Research Geophysicist. Primal Innovation, LLC, is under the control of Defendant Entia, LLC, as either a subsidiary or affiliate. The Court previously granted Plaintiff's Motions for Default Judgment against both Defendants. ECF Nos. 35, 36.

After holding a damages hearing, the Court now grants Plaintiff's Motions for Default Judgment against both Defendants and awards him the requested unpaid wages, benefits, expenses reimbursement, and liquidated damages in the total amount of $224,384.28, plus post-judgment interest pursuant to 28 U.S.C. § 2861 and attorneys' fees.

### Procedural Background

Plaintiff filed his initial Complaint on July 1, 2021, against Defendant Primal Innovation, LLC ("Primal Innovation") and its parent/owner, Entia, LLC ("Entia") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Missouri Minimum Wage Law ("MMWL"), the Florida Minimum Wage Act, and the Florida Constitution. ECF No. 1.

On July 1, 2021, the Court issued Summonses for Primal Innovation and Entia. The Summonses for Defendants were directed to be served through Defendants' registered agent, William McEllien, at 101 Gordon Street in Sanford Florida. Certified Process Server Parry E. Howell properly served Primal Innovation on July 9, 2021, as attested in the Affidavit of Service. ECF No. 4. Mr. Howell also properly served Entia that same day. ECF No. 3.

Defendants, through counsel, filed a joint Answer to Plaintiff's original complaint on August 23, 2021. ECF No. 9.

Plaintiff filed his First Amended Complaint on March 17, 2022. ECF No. 25.

On April 19, 2022, the Court granted Defense counsel's motion to withdraw. ECF No. 29.

On April 20, 2022, this Court ordered Defendants—two limited liability companies—to either answer the First Amended Complaint through counsel or show cause why the Clerk should not enter default judgment against them. ECF No. 30.

Defendants failed to do either, and a Clerk's entry of default was entered against both Defendants on June 6, 2022. ECF No. 34.

On July 11, 2022, the Court granted Plaintiff's motions for default judgment against both Defendants. ECF No. 37, 38. On March 23, 2023, the Court held a hearing to establish the amount of damages.

**Standard**

Federal Rule of Civil Procedure 55 provides a two-step process for securing a default judgment. First, Rule 55(a) allows the Clerk to enter default against a party who "has failed to plead or otherwise defend" a lawsuit. Second, after the Clerk enters default, plaintiff may request the Clerk to enter judgment in an amount that is "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). But, when a plaintiff's claim is not for a sum certain

2

or a sum made certain by calculation, plaintiff must apply to the court for a default judgment under Rule 55(b)(2). When considering a motion for default judgment, the court may hold a hearing if "it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

"A default judgment entered by the court binds the party facing the default as having admitted all of the well-pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation and quotation marks omitted); *accord Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010) ("it is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment") (citation and quotation marks omitted).

## Discussion

Plaintiff testified at the damages hearing, and Defendants did not appear. Thus, Defendants presented no witnesses or evidence on their behalf, nor did they cross-examine Plaintiff. The Court finds Plaintiff's testimony credible and incorporates his testimony into the findings below.

Plaintiff became employed by and began working full time for Primal Innovation on or about February 21, 2016. He performed job duties for Primal Innovation and its parent/owner,

3

Entia, in the state of Missouri, as a Senior Research Geophysicist. Plaintiff's employment was terminated on or about July 1, 2019.

Primal Innovation and Entia together formed an integrated enterprise, because of a shared business address, use of common management and business executives/officers, and centralized control of labor relations.

When Plaintiff was terminated, Defendants owed him unpaid wages and wage-related benefits and expenses reimbursement for the period worked during mid-October 2018 through July 2019.

Defendants were aware of the amounts owed to Plaintiff. On July 1, 2019, Primal wrote Plaintiff that he had "an estimated $59,134.65 in gross back wages (not including this current pay period). The company will provide a payment plan for all back wages in a separate document next week." Hearing Ex. 3. On July 12, 2019, Entia acknowledged to Plaintiff that he was owed monies for his employment from mid-October 2018 through the time of his termination in July 2019, and Defendants would make payments toward such balance due, i.e., promising the "Tyler Payment Plan" for payments over time to Plaintiff. Hearing Ex. 4. Plaintiff never received any such payments. On August 23, 2019, Defendants further notified Plaintiff they would make payments toward such balance due, promising another "approved" "Payment Plan" for payments over time to Plaintiff. Again, no such payments were ever received. On or about September 26, 2019, Defendant Entia mailed a check to Plaintiff for $750.00 which referenced a "deposit toward payment plan." Hearing Ex. 8.

From the beginning of his employment in 2016 until his termination in July 2019, Plaintiff worked full time for Defendants for the promised regular salary of at least $102,500 annually,

payable bi-weekly during his employment. But from October 2018 until Plaintiff's termination in July 2019, Defendants paid no monies to Plaintiff for wages, benefits, or expenses reimbursement.

Plaintiff seeks $63,076.96 in unpaid wages, $1,130.80 in unpaid expenses reimbursement, $3,785.00 in unpaid 401k contributions, and $6,802.00 in unpaid accumulated paid time off, and penalties and interest associated with these amounts. Plaintiff also seeks costs and attorneys' fees.

The Court finds Defendants are liable for these amounts under the MMWL, Missouri Revised Statutes § 290.500, *et seq*. Because this finding is dispositive, the Court need not address Plaintiff's other contentions that Defendants also violated the FLSA, the Florida Minimum Wage Act, and the Florida Constitution.

Primal Innovation and Entia controlled the terms and conditions of Plaintiff's employment and are subject to the requirements of § 290.527 because they are "employers" under § 290.500(4) and Plaintiff was an employee under § 290.500(3). Both Defendants employed him, and both Defendants are liable for the MMWL violations.

Under Missouri Revised Statute § 290.527, any employer who pays any employee less wages that the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.530 shall be liable to the employee affected for the full amount of the wage rate and an additional amount equal to twice the unpaid wages as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorneys' fees as may be allowed by the Court or jury. Pursuant to § 290.110, whenever an employee is discharged from employment, with or without cause, his employer is required to compensate the discharged employee all unpaid wages. Section 290.110 also requires that,

> the unpaid wages of the servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of the discharge or refusal to longer employ and the servant or employee may requires in writing of his

5

> foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station or office where a regular agent is kept; and if the money or a valid check therefor, does not reach the station or office within seven days from the date it is so requested, then as a penalty for such nonpayment of the wages of the servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid; provided, such wages shall not continue more than sixty days.

The record shows Plaintiff made written demand to Defendants for unpaid wages and expense reimbursement on more than one occasion, including on August 8, 2019, September 10, 2019, and September 17, 2019. Thus, Defendants violated the MMWL.

As a result of Defendants' violations of the MMWL, Plaintiff is entitled to an award for compensatory damages, i.e., full payment of all unpaid wages and benefits, for payment of all unpaid expenses due him; for liquidated damages in an additional amount equal to twice the amount of unpaid wages and expenses; and for reasonable attorney's fees and costs.

The Court calculates the compensatory damages Plaintiff is entitled to and awarded as follows: $63,076.96 in unpaid wages; $1,130.80 in unpaid expenses reimbursement; $3,785.00 unpaid 401k contributions; and $6,802.00 unpaid accumulated paid time off. Mo. Rev. Stat. § 290.527. Additionally, Plaintiff is entitled to and awarded liquidated damages equal to twice the amount of unpaid wages and expenses as follows: $126,153.92 as twice the amount of unpaid wages (of $63,076.96); $2,261.60 as twice the amount of unpaid expenses reimbursement (of $1,130.80); $7,570.00 as twice the amount of unpaid 401k contributions (of $3,785.00); and $13,604.00 as twice the amount of unpaid accumulated paid time off (of $6,802.00). In total, Plaintiff is entitled to $224,384.28 plus post-judgment interest pursuant to 28 U.S.C. § 2861.

Plaintiff is also entitled to reasonable attorney's fees and costs. At the damages hearing, Plaintiff's counsel stated that she intends to seek Plaintiff's fees and costs by filing the appropriate

fee request within fourteen days of this order.  The Court hereby orders counsel to file any motion for attorney's fees and costs consistent with Fed. R. Civ. P. 54(d) and § 290.527, within fourteen days from the date of this Order.

**IT IS SO ORDERED.**

Date:   January 8, 2025                                  /s/ Greg Kays
                                                        GREG KAYS, JUDGE
                                                        UNITED STATES DISTRICT COURT